# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs November 18, 2009

## STATE OF TENNESSEE v. BRYAN RAY PHILLIPS

**Direct Appeal from the Circuit Court for Bedford County**
**No. 16580 & 16603      F. Lee Russell, Judge**

---

**No. M2009-00145-CCA-R3-CD - Filed February 24, 2010**

---

The Defendant-Appellant, Bryan Ray Phillips, entered open guilty pleas in the Bedford County Circuit Court to one count of theft of over $10,000.00, a Class C felony; one count of evading arrest with risk of death or injury, a Class D felony; and one count of evading arrest, a Class A misdemeanor. The sole issue presented for our review is whether the trial court erred in ordering Phillips to serve his felony sentences consecutively. Upon review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

Donna Orr Hargrove, District Public Defender; Assistant Public Defender, Andrew Jackson Dearing, III, Shelbyville, Tennessee, for the Defendant-Appellant, Bryan Ray Phillips.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; Charles F. Crawford, Jr., District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

**Facts.** At the plea submission hearing on October 2, 2008, the State summarized the facts in Phillips' case:

> [T]he facts all occur on October 27, 2007. And beginning with case number 16603, Trooper Barry Qualls of the Tennessee Highway Patrol was on patrol on Highway 41A South, and he clocked a red Jeep Liberty traveling 74 miles per hour in a 55 mile per hour zone. And he turned around, and he was

held up by traffic and such, so it took a while for him to actually relocate the red Jeep Liberty again. This time it was travel[ing] 65 miles per hour, and it turned off the highway, and I believe they were on Normandy Road.

He hit his blue lights and such, the vehicle took off, accelerated, and the pursuit lasted for a little over one mile before the Jeep Liberty crashed, and the defendant and two occupants bailed out and basically everybody ran in separate directions. The – and no one was apprehended at that time.

Now, the next day the sheriff's department got a report from two different ladies, one lady reported that her vehicle had been entered and her purse and digital camera were missing. And then another lady, Ms. Berken, . . . reported at a nearby residence that her F-150 Ford crew cab pickup truck was missing, valued at over $10,000. And so the sheriff's department began investigating that, and they began to focus on the defendant and two other individuals, Mr. Mason and Mr. Odom.

And they interview[ed] Mr. Odom, and he indicated that he had been a passenger in the vehicle pursuit involving Trooper Qualls and that he and Mr. Mason had hidden in the ditch, and they called one of their sisters to come get them and take them back to their home in Cannon County. They indicated that, I guess, a few days later the defendant showed up with a Ford F-150 pickup truck, and they figured it had been stolen, but Odom drove it for a while. I think he wound up being caught in the pickup truck, and that's what – but he indicated the defendant had brought it to him a couple of days beforehand.

So, they then went and interviewed the defendant, and he acknowledged the pursuit, and then he indicated after he jumped out and ran that he first came across the one vehicle that had the purse in it. He actually went through it. He said he took that to get, in hopes of finding cigarettes in it. He then went to . . . Ms. Berken's residence, and it was apparently a cold day for October 27th, and so, he actually cut the screen and entered . . . her garage and got in her pickup truck and then noticed that it had a full tank of gas and the keys apparently were in the seat, so then he raised the garage door and took the pickup truck. And again, it was valued at over $10,000.

**Sentencing Hearing.** At the December 4, 2008 sentencing hearing, the State entered without objection the investigation report detailing Phillips' criminal history. The State noted that Phillips had five felony convictions prior to the commission of the offenses for

which he was currently being sentenced. The State also asserted that Phillips was out on bond for the Bedford County offenses at the time that he committed the Cannon County offenses (two counts in case number F0840A, one of which was dismissed), which triggered mandatory consecutive sentencing of the Bedford County convictions to the previous Cannon County conviction. Phillips did not testify at the hearing. The trial court sentenced Phillips as a Range II, multiple offender to eight years for the theft conviction, six years for the felony evading arrest conviction, and 11 months and 29 days for the misdemeanor evading arrest conviction. The court ordered that the theft and the felony evading arrest convictions be served consecutively for an effective sentence of fourteen years at thirty-five percent in the Tennessee Department of Correction. The misdemeanor evading arrest charge was to be served concurrently with the felony evading arrest conviction. On December 29, 2008, Phillips filed a timely notice of appeal.

## ANALYSIS

On appeal, Phillips contends that the trial court erred in ordering that he serve his felony sentences consecutively. In response, the State argues that the trial court properly imposed consecutive sentences for the Bedford County convictions because of Phillips' extensive criminal record.

On appeal, we must review issues regarding the length and manner of service of a sentence de novo with a presumption that the trial court's determinations are correct. T.C.A. § 40-35-401(d) (2006). Nevertheless, "the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The defendant has the burden of showing the impropriety of the sentence. T.C.A. § 40-35-401(d) (2006), Sentencing Comm'n Comments. If the trial court followed the statutory sentencing procedure, made adequate findings of fact that are supported by the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the sentencing act, this court may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). Because the trial court properly considered the purposes and principles of the sentencing act pursuant to sections 40-35-102 and -103 and all relevant facts and circumstances, our review will be de novo with a presumption of correctness. In conducting our de novo review, this court must consider:

(1) The evidence, if any, received at the trial and the sentencing hearing;
(2) The presentence report;
(3) The principles of sentencing and arguments as to sentencing alternatives;
(4) The nature and characteristics of the criminal conduct involved;

-3-

(5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114;
(6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and
(7) Any statement the defendant wishes to make in the defendant's own behalf about sentencing.

T.C.A. § 40-35-210(b) (2006); State v. Carter, 254 S.W.3d 335, 343 (Tenn. 2008).

Where a defendant is convicted of one or more offenses, the trial court has discretion to decide whether the sentences shall be served concurrently or consecutively. T.C.A. § 40-35-115(a) (2006). A trial court may order multiple offenses to be served consecutively if it finds by a preponderance of the evidence that a defendant fits into at least one of the seven categories in section 40-35-115(b) (2006). An order of consecutive sentencing must be "justly deserved in relation to the seriousness of the offense." T.C.A. § 40-35-102(1) (2006). In addition, the length of a consecutive sentence must be "no greater than that deserved for the offense committed." T.C.A. § 40-35-103(2) (2006).

The State summarized Phillips' prior criminal record:

[T]he State takes the position we're dealing with a Range II offender. He had – at the time he committed these offenses here in Bedford County, he had a conviction for auto burglary out of Coffee County from 2004, and vandalism over $1,000 with a different offense date. The conviction date was the same in Coffee County, but the auto burglary occurred on January [2], 2004, and the vandalism was March [2], 2004. So those are two independent felony convictions as far as determining the range.

Then he had three vandalism[] [convictions] over $500 out of Franklin County, again, from 2004. They all shared the same offense date, so I think those will all merge for determining what range we're talking about.

. . . .

And then, of course, the Court can use what is unquestionably a very extensive record in – of other criminal conduct and convictions. He has one of the more lengthy records that – of an individual that's come before Your Honor in recent months. He probably doesn't hold the record, but he's – of recent months, he certainly does.

Based on Phillips' extensive criminal record, the trial court ordered the felony sentences to be served consecutively:

> In this case, he's Range II, but even if there were a presumption . . . in favor of concurrent sentencing, that would be overcome by his very extensive criminal record, which is factor 2 in the statute. It simply is not an appropriate case for concurrent sentencing between [case numbers] 16580 and 16603. I am going to fold the misdemeanor evading in with the felony evading arrest. But as far as the sentence in 16580 and 16603, I am going to make those consecutive to one another.
>
> I agree with the [State] that this – because the sentences have already been imposed in Cannon County and because this defendant was on bond when he – from our charges when he committed the Cannon [County] charges, I do find that it's mandatory consecutive sentencing. However, I will say, that even if it were not, assuming that [defense counsel] is incorrect about my ability to do this, it would be an appropriate case for consecutive sentencing, again, because of his very extensive past criminal record.

Here, the trial court determined that it was required to order that the Bedford County convictions be served consecutively to the previous Cannon County conviction because Phillips was out on bond for the Bedford County offenses at the time that he committed the Cannon County offenses. Tennessee Code Annotated section 40-20-111(b) provides:

> In any case in which a defendant commits a felony while the defendant was released on bail in accordance with the provisions of chapter 11, part 1 of this title, and the defendant is convicted of both offenses, the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulatively, but shall order that the sentences be served cumulatively.

Similarly, Tennessee Criminal Procedure Rule 32(c)(3) states:

> <u>Mandatory Consecutive Sentences.</u> When a defendant is convicted of multiple offenses from one trial or when the defendant has additional sentences not yet fully served as the result of convictions in the same or other courts and the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not. This rule shall apply:
>
> (A) to a sentence for a felony committed while on parole for a felony;
> (B) to a sentence for escape or for a felony committed while on escape;

(C) to a sentence for a felony committed while the defendant was released on bail and the defendant is convicted of both offenses; and

(D) for any other ground provided by law.

The record supports the trial court's determination that Phillips was out on bond for the Bedford County offenses at the time he committed the Cannon County offenses. Specifically, the record shows that Phillips was arrested for the Bedford County offenses on March 27, 2008, and committed the Cannon County offenses on April 2, 2008. The record further shows that Phillips received three years in the Tennessee Department of Correction for the resulting Cannon County aggravated burglary conviction on October 2, 2008. Accordingly, we conclude that the trial court properly ordered that the Bedford County convictions be served consecutively to the Cannon County conviction.

The trial court also imposed consecutive sentencing for the Bedford County felony offenses because Phillips was an offender "whose record of criminal activity [was] extensive." T.C.A. § 40-35-115(b)(2) (2006). This court has held that "[e]xtensive criminal history alone will support consecutive sentencing." State v. Adams, 973 S.W.2d 224, 231 (Tenn. Crim. App. 1997) (citing State v. Chrisman, 885 S.W.2d 834, 839 (Tenn. Crim. App. 1994)).

We further conclude that the trial court did not err in requiring Phillips to serve his Bedford County felony sentences consecutively to one another. The record shows that the trial court properly found by a preponderance of the evidence that Phillips was an offender "whose record of criminal activity [was] extensive." T.C.A. § 40-35-115(b)(2) (2006). At the sentencing hearing, the trial court reviewed Phillips' substantial criminal history, which was undisputed by Phillips. The investigation report showed that Phillips had convictions for aggravated burglary, burglary, possession of drugs and drug paraphernalia, assault, failure to appear, and fourteen separate convictions for vandalism. Accordingly, upon our de novo review with a presumption of correctness, the trial court's judgments are affirmed.

## CONCLUSION

Upon our review, the trial court did not err in ordering Phillips' Bedford County convictions to be served consecutively to his previous Cannon County conviction. In addition, the trial court did not err in ordering Phillips' Bedford County felony convictions to be served consecutively to one another for an effective sentence of fourteen years. Accordingly, the judgments of the trial court are affirmed.

_____
CAMILLE R. McMULLEN, JUDGE